UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAN ADAMS,<br><br>   Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1]<br><br>   Defendant. | Case No. 3:16-cv-05686-JLR-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for April 7, 2017 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On April 4, 2013, plaintiff filed an application for disability insurance benefits, alleging

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

REPORT AND RECOMMENDATION - 1

he became disabled beginning November 16, 2012. Dkt. 8, Administrative Record (AR) 19. That application was denied on initial administrative review and on reconsideration. *Id.* A hearing was held before an administrative law judge (ALJ), at which plaintiff appeared and testified, as did a lay witness and a vocational expert. AR 39-86.

In a written decision dated February 25, 2015, the ALJ found that from November 16, 2012, through March 31, 2014, plaintiff was unable to perform any past relevant work or other jobs existing in significant numbers in the national economy, and therefore that he was disabled during that period. AR 27-28. The ALJ further found, however, that since April 1, 2014, medical improvement in plaintiff's condition had occurred, such that plaintiff was capable of performing other jobs existing in significant numbers in the national economy, and therefore that he was no longer disabled as of that date. AR 29-33.

Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 15, 2015, making that decision the final decision of the Commissioner, which plaintiff then appealed in a complaint filed with this Court on August 9, 2016. AR 1, Dkt. 3, 20 C.F.R. § 404.981, § 416.1481. Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred by failing to establish sufficient improvement in plaintiff's condition to justify a determination that plaintiff was no longer disabled as of April 1, 2014. For the reasons set forth below, the Court agrees, and therefore finds remand for further administrative proceedings is warranted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986);

REPORT AND RECOMMENDATION - 2

*see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

"Once a claimant has been found to be disabled, . . . a presumption of continuing disability arises in her favor." *Bellamy v. Sec'y of Health & Human Servs.*, 755 F.2d 1380, 1381 (9th Cir. 1985). The Commissioner "bears the burden of producing evidence sufficient to rebut this presumption of continuing disability." *Id.* To meet that burden, the Commissioner "must determine if there has been any medical improvement in [the claimant's] impairment(s) and, if so, whether this medical improvement is related to [the claimant's] ability to work." 20 C.F.R. §

REPORT AND RECOMMENDATION - 3

404.1594, § 416.994.

"Medical improvement is any decrease in the medical severity of [the claimant's] impairment(s), which was present at the time of the most recent favorable medical decision that [the claimant was] disabled." 20 C.F.R. § 404.1594(b)(1), § 416.994(b)(1). "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s)." 20 C.F.R. § 404.1594(b)(1), § 416.994(b)(1). Medical improvement is related to a claimant's ability to work, if there is "an increase in [the claimant's] functional capacity to do basic work activities." 20 C.F.R. § 404.1594(b)(3), § 416.994(b)(3); *see also* 20 C.F.R. § 404.1594(b)(4)(i), § 416.994(b)(4)(i).

The ALJ in this case determined that plaintiff experienced medical improvement in the severity of his physical impairments following foot surgery performed in July 2013. AR 29. The record clearly supports the ALJ here. *See* AR 1008 ("has done remarkably well"), 1014 ("is full weightbearing at this point"; "continues to steadily improve"), 1017 ("is doing very well"), 1020 ("is making excellent progress"), 1023 (same), 1025 ("continues to improve in his right foot"), 1026 ("continues to make steady improvement"; "[h]is muscle strength is about [to] return to normal"), 1029 ("making excellent progress"). The ALJ, though, failed to establish the second part of the Commissioner's burden, that the improvement in plaintiff's condition has resulted in an increase in plaintiff's functional capacity.

In finding that plaintiff's functional capacity to do basic work activities has increased, the ALJ stated that plaintiff's "clinical examinations and objective test results have not revealed the presence of any acute or chronic abnormalities that would be severe enough to prevent [plaintiff] from performing at least some light work activity." AR 32. The ALJ further stated that plaintiff

REPORT AND RECOMMENDATION - 4

"retains the ability to perform many activities of daily living with minimal difficulty," and "has not been found disabled by any treating or examining physician since April 2014." *Id.* As to this last statement, the absence of such a finding by a medical source is not the proper standard. That is, rather than requiring plaintiff to show he is disabled from all work to keep the presumption of continuing disability, the Commissioner must come forth with sufficient evidence to demonstrate plaintiff's functional capacity actually has increased.

As to objective clinical findings, the ALJ cites to no specific medical opinion evidence in the record that plaintiff's impairments post-surgery do not remain severe enough to prevent him from perform at least some light work activity. *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982) (the ALJ should avoid commenting on the meaning of objective medical findings without supporting medical expert testimony). In addition, while, as the plaintiff points out, there is some indication in the medical treatment notes of increased functional capacity (*see* AR 30 ("observed on several occasions jogging into the clinic from the parking lot"), those treatment notes also reveal some fairly significant continuing limitations that could impact plaintiff's ability to do basic work activities. *See* AR 840 ("fatigues after shuttle single leg squats on wobble board and needs 2 min rest break sitting before beginning standing heel raises"); 905 ("continues to have difficulty with balance activity requiring frequent breaks to regain balance"); 910 ("has not improved significantly pain wise"); 976 (unable to perform single lower extremity squat, stance, or toe raise with the right lower extremity), 977 ("presents with impaired functional strength and mobility"), 988 ("difficulty with pronation/supination"), 994 ("fatigue[s] quickly with gastroc strengthening and still unable to perform R single leg heel raise").

The ALJ's own description of plaintiff's reported activities and/or functional capabilities, furthermore, call into question the ALJ's reliance on that evidence to find medical improvement

REPORT AND RECOMMENDATION - 5

has occurred to the point of an increase in ability to do basic work activities, such that plaintiff is no longer disabled:

> The claimant testified he provides care for his two-year-old son. He explained that he is able to provide the majority of his son's care, but struggles with endurance. . . . He explains he is able to perform household chores but sometimes takes a little longer and requires rest breaks. He testified he helps with the grocery shopping but tends to keep trips to a single destination. The claimant said he regularly attends three-hour church services. However, he explained he often has to elevate his foot and occasionally has to excuse himself. The claimant reported attending classes in order to begin the process of getting his Master's Degree.

AR 31. This indicates plaintiff still has significant limitations in his ability to care for his young child, perform household chores, and attend church services, although he may still be able to engage in those activities to a certain extent. *See Smolen v. Chater*, 80 F.3d 80 F.3d 1273, 1284 n.7 (a claimant need not be "utterly incapacitated" to be found disabled); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). In addition, while attending classes to pursue advanced education *can* indicate greater functional capabilities, here there is no indication as to what extent doing so in this case involves plaintiff's physical functional capacity, and whether or not his limitations impact his ability to pursue a master's degree.

With respect to plaintiff's reported continuing pain and restrictions on walking, the ALJ found as well that:

> He alleges he still has severe pain and cannot walk even two hours in an eight-hour workday without his pain increasing significantly. The record consistently shows complaints of increased pain when standing and walking for 30 to 60 minutes. However, the claimant also admitted at the hearing that he does not use any prescription pain medications to treat his allegedly disabling pain. The absence of prescription pain medications indicates tolerable pain and undermines the credibility of the claimant's allegations. While the claimant may experience increased pain when standing and walking for more than 30 to 60 minutes, there is no evidence to indicate that his pain is disabling.

REPORT AND RECOMMENDATION - 6

AR 30 (internal citation omitted). "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."[2] Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *6. Experiencing increased pain after only 30 to 60 minutes of standing or walking clearly could impact plaintiff's ability to perform at the light exertional work level, particularly as it is far from clear for how long or for how often plaintiff could continue to walk or stand following the initial onset of increased pain.[3]

As far as plaintiff admitting to not using any prescription pain medications, plaintiff also testified that when he "was actively receiving the surgeries" he was taking them, but he "ended that as quickly as [he] possibly could because . . . [he had] seen the effects that that can have on individuals." AR 51. This testimony indicates plaintiff may have been afraid of the potential effects such medication could have on his health or ability to function. An ALJ, though, "must not draw any inferences" about a claimant's symptoms and their functional effects from a failure to seek or follow prescribed treatment, "without first considering any explanations" that the claimant "may provide, or other information in the case record, that may explain" that failure. SSR 96-7p, 1996 WL 374186, at *8. The ALJ did not do that here. This was error, especially given the above testimony reveals plaintiff very well may have had an acceptable reason for not taking prescribed pain medication.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

---

[2] Although the ALJ did place some additional limitations on plaintiff's physical residual functional capacity, none of those limitations concerned plaintiff's ability to stand or walk. AR 29.

[3] *See, e.g.*, AR 974 (reporting "[a]t least 20 percent but less than 40 percent impaired, limited or restricted" in terms of walking and moving around).

REPORT AND RECOMMENDATION - 7

agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because for the reasons discussed above issues still remain in regard to the medical and other evidence in the record concerning whether the medical improvement plaintiff experienced has resulted in an increase in his ability to do basic work activities, remand for further consideration of that issue is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ properly determined plaintiff to be not disabled, and therefore that it affirm defendant's decision to deny benefits.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the

REPORT AND RECOMMENDATION - 8

above time limit, the Clerk shall set this matter for consideration on **April 7, 2017**, as noted in the caption.

DATED this 21st day of March, 2017.

                                                       */s/ Karen L. Strombom*
                                                      Karen L. Strombom
                                                      United States Magistrate Judge

REPORT AND RECOMMENDATION - 9